UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | 2:20-CR-00041-DCLC-CRW |
| v. | ) ) | |
| THOMAS RAY HARRIS, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Doc. 106]. Pursuant to Standing Order 24-05, Federal Defender Services of Eastern Tennessee has filed a notice that it does not intend to file a supplemental motion at this time [Doc. 107]. The Government has filed a response in opposition. [Doc. 108].

**I.  BACKGROUND**

On December 15, 2020, Defendant pleaded guilty to one count of being a felon in possession of a firearm [*See* Docs. 60, 64]. Based on a total offense level of 31 and a criminal history category of VI, Defendant's guideline range was 188 to 235 months [Doc. 83, ¶ 98]. However, Defendant is an armed career criminal, and his statutory minimum sentence was 15 years, with a maximum sentence of life. [*Id.*, ¶ 97]. In his plea agreement, pursuant to Rule 11(c)(1)(C) of the Federal Rule of Criminal Procedures, Defendant and the United States agreed that a sentence of 192 months was the appropriate disposition. [Doc. 60, ¶ 6]. The Court accepted his plea agreement and sentenced Defendant to 192 months' imprisonment [Doc. 93]. Defendant

1

Case 2:20-cr-00041-DCLC-CRW   Document 109   Filed 12/22/25   Page 1 of 3
PageID #: 605

is currently housed at USP Coleman II with a projected release date of June 25, 2034. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited December 19, 2025). He now seeks a sentence reduction pursuant to Guideline Amendment 821 [Doc. 106].

II.     ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, effective November 1, 2023, revised the Guidelines' treatment of certain criminal history calculations. with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

Defendant seeks a sentence reduction under the first part of Amendment 821, which amended U.S.S.G. § 4A1.1. At sentencing, Defendant had twelve criminal history points, including two status points. Under the amended guideline, Defendant would receive only one status point, reducing his total criminal history points from twelve to eleven, placing him in

criminal history category V.

That reduced criminal history, however, does not alter Defendant's applicable Guidelines range because Defendant was sentenced as an armed career criminal, which mandates a criminal history category of VI regardless of the number of criminal history points. See [Doc. 83, ¶ 61]. Accordingly, Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

### III. CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 106] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge
